FILED
CLERK, U.S. DISTRICT COURT
APR 18 2024
CENTRAL DISTRICT OF CALIFORNIA
BY: rsm DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2024 Grand Jury

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALFREDO FLORES and
RODOLFO RODRIGUEZ, JR.,

Defendants.

No. **2:24-CR-00252-DMG**

I N D I C T M E N T

[21 U.S.C. § 846: Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Distribution of Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Possession with Intent to Distribute Methamphetamine; 21 U.S.C. § 853: Criminal Forfeiture]

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

[ALL DEFENDANTS]

A. OBJECTS OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury, and continuing until on or about July 7, 2021, in Los Angeles and San Bernardino Counties, within the Central District of California, and elsewhere, defendants ALFREDO FLORES and RODOLFO RODRIGUEZ, JR., and others

known and unknown to the Grand Jury, conspired with each other to knowingly and intentionally distribute and possess with intent to distribute at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii).

B. MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished, in substance, as follows:

1. Defendant FLORES would arrange for the sale of methamphetamine to customers in Southern California.

2. Defendant FLORES would direct defendant RODRIGUEZ and others known and unknown to the Grand Jury, to deliver methamphetamine to customers in Southern California.

3. Defendant RODRIGUEZ and others known and unknown to the Grand Jury, would deliver methamphetamine to customers in Southern California.

4. Defendant FLORES would direct customers where and how to provide payment for the methamphetamine supplied by defendants FLORES and RODRIGUEZ, and others known and unknown to the Grand Jury.

C. OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its objects, defendants FLORES and RODRIGUEZ, and others known and unknown to the Grand Jury, committed various overt acts in Los Angeles and San Bernardino Counties, within the Central District of California, and elsewhere, including, but not limited to, the following:

1. On October 15, 2020, defendant FLORES arranged for a courier ("Courier 1") to transport and distribute approximately five pounds of methamphetamine to an individual he believed was a methamphetamine customer, but who was, in fact, a confidential informant working with law enforcement ("CI-1").

2. On October 20, 2020, in South Gate, California, at the direction of defendant FLORES, Courier 1 distributed approximately 2,197 grams of methamphetamine to CI-1.

3. On or about May 3, 2021, defendant FLORES arranged for a courier ("Courier 2") to transport and distribute approximately eight pounds of methamphetamine to CI-1.

4. On May 4, 2021, in South Gate, California, at the direction of defendant FLORES, Courier 2 distributed approximately 3,509 grams of methamphetamine to CI-1.

5. On May 5, 2021, in Whittier, California, at the direction of defendant FLORES, Courier 2 distributed approximately 897 grams of methamphetamine to CI-1.

6. On or about June 30, 2021, defendant FLORES arranged for defendant RODRIGUEZ to transport and distribute approximately 10 pounds of methamphetamine to CI-1.

7. On June 30, 2021, in Long Beach, California, defendant RODRIGUEZ distributed approximately 4,283 grams of methamphetamine to CI-1.

8. On or about July 7, 2021, in Long Beach, California, defendant RODRIGUEZ possessed in his residence approximately 18.965 kilograms of methamphetamine.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANT FLORES]

On or about October 20, 2020, in Los Angeles County, within the Central District of California, defendant ALFREDO FLORES and others known and unknown, each aiding and abetting the others, knowingly and intentionally distributed at least fifty grams, that is, approximately 2,197 grams, of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANT FLORES]

On or about May 4, 2021, in Los Angeles County, within the Central District of California, defendant ALFREDO FLORES and others known and unknown, each aiding and abetting the others, knowingly and intentionally distributed at least fifty grams, that is, approximately 3,509 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANT FLORES]

On or about May 5, 2021, in Los Angeles County, within the Central District of California, defendant ALFREDO FLORES and others known and unknown, each aiding and abetting the others, knowingly and intentionally distributed at least fifty grams, that is, approximately 897 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS FLORES and RODRIGUEZ]

On or about June 30, 2021, in Los Angeles County, within the Central District of California, defendants ALFREDO FLORES and RODOLFO RODRIGUEZ, JR., each aiding and abetting the other, knowingly and intentionally distributed at least fifty grams, that is, approximately 4,283 grams, of methamphetamine, a Schedule II controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT RODRIGUEZ]

On or about July 7, 2021, in Los Angeles County, within the Central District of California, defendant RODOLFO RODRIGUEZ, JR. knowingly and intentionally possessed with intent to distribute at least fifty grams, that is, approximately 18.965 kilograms, of methamphetamine, a Schedule II controlled substance.

FORFEITURE ALLEGATION

[21 U.S.C. § 853]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of any defendant's conviction of the offenses set forth in any of Counts One through Six of this Indictment.

2. Any defendant so convicted, shall forfeit to the United States of America the following:

    (a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which said defendant obtained, directly or indirectly, from any such offense;

    (b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

    (c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in

value; or (e) has been commingled with other property that cannot be divided without difficulty.

              A TRUE BILL

                /s/
              Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

J. MARK CHILDS
Assistant United States Attorney
Chief, International Narcotics,
 Money Laundering, and
 Racketeering Section

CHRISTOPHER C. KENDALL
Assistant United States Attorney
Deputy Chief, International
 Narcotics, Money Laundering,
 and Racketeering Section